NUMBER 13-07-040-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HAROLD MOTEN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 252nd District Court 

of Jefferson County, Texas

 

MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela 


Memorandum Opinion by Justice Rodriguez



 Appellant, Harold Moten, pleaded guilty to aggravated robbery. Tex. Pen. Code
Ann. § 29.039(a)(2) (Vernon 2003). Pursuant to a plea agreement that the sentence
would not exceed five years and no more than twenty years if the probation was
revoked, the trial court placed appellant on probation for five years. In October 2006,
appellant pleaded true to an allegation in the State's motion to revoke his probation. 
The trial court revoked probation, adjudicated appellant guilty, and sentenced
appellant to confinement for seven years in the Institutional Division of the Texas
Department of Criminal Justice.

 Appellant's counsel filed an Anders brief in which he concluded that this appeal
is without merit and is frivolous because the record reflects no reversible error. We
affirm.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed an Anders brief after reviewing the
record, researching applicable law, and determining that the record presents no
meritorious issues. Anders v. California, 386 U.S. 738, 744 (1967). Appellant's
counsel's brief meets the requirements of Anders. Id. at 744-45; see High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In compliance with Anders,
counsel presented a professional evaluation of the record. See Anders, 386 U.S. at
744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974). Appellant's counsel
served a copy of his Anders brief on appellant at the time of its filing. Counsel has
notified appellant that: (1) he has reviewed the record and concluded that the appeal
is without merit; (2) he has requested to withdraw as counsel; and (3) appellant has
the right to request and review the appellate record and to file a pro se brief. See
Anders, 386 U.S. at 744-45; see also Stafford v. State, 813 S.W.2d 503, 509 (Tex.
Crim. App. 1991) (en banc); High, 573 S.W.2d at 813.


II. Pro Se Brief

 Appellant filed a pro se brief. By one issue, appellant complains of ineffective
assistance of counsel. Appellant argues that counsel was ineffective at his revocation
hearing by not interviewing a potential witness and failing to object to evidence of
extraneous offenses. (1)

III. Independent Review

 The United States Supreme Court advised appellate courts that when we
receive a "frivolous appeal" brief we must conduct "a full examination of all of the
proceeding[s] to decide whether the case is wholly frivolous." Pension v. Ohio, 488
U.S. 75, 80 (1988); see Ybarra v. State, 93 S.W. 3d 922, 926 (Tex. App.--Corpus
Christi 2003, no pet.). Accordingly, we have carefully reviewed the record and
considered the issue raised, and we have not found any grounds that would arguably
support an appeal. (2) See Bledsoe v. State, 178 S.W.3d 824, 826 (Tex. Crim. App.
2005); Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous. See Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed
the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

IV. Conclusion

 The judgment of the trial court is affirmed. Additionally, counsel's motion to
withdraw as appellant's counsel was carried with the case on May 3, 2007. See
Anders, 386 U.S. at 744. Having affirmed the judgment, we now grant counsel's
motion to withdraw. We order counsel to notify appellant of the disposition of this
appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d
25, 27 (Tex. Crim. App. 1997) (en banc) (per curiam).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 14th day of February, 2008.
1. In his pro se brief, appellant provided only unsupported contentions. Therefore, the briefing is
inadequate. See Tex. R. App. P. 38.1(h) (requiring that contentions are supported by clear and concise
arguments with appropriate citations to authorities and the record).
2. Although appellant has not prevailed on his direct appeal, a potential remedy is available. Appellant
may raise a claim, such as ineffective assistance of counsel, in an application for writ of habeas corpus. See
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005); Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim. App.
2006); Ex parte Varelas, 45 S.W.3d 627, 630 (Tex. Crim. App. 2001); Cooper v. State, 45 S.W.3d 77, 82 (Tex.
Crim. App. 2001); Ex parte Torres, 943 S.W.2d 469, 476 (Tex. Crim. App. 1997). An application for writ of
habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts,
circumstances, and rationale behind counsel's actions at . . . trial." Thompson v. State, 9 S.W.3d 808, 814-15
(Tex. Crim. App. 1999).