IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,719-01 AND WR-69,719-02






EX PARTE JEREMY MARTIN AGUILAR, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. W93-34937-I(A) AND W93-34769-I(A)


IN THE CRIMINAL DISTRICT COURT NO. 2 OF DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two felony
offenses of burglary of a vehicle and sentenced to 65 years' imprisonment in each case. The Sixth
Court of Appeals affirmed his conviction. Aguilar v. State, Nos. 6-94-00179-CR and 6-94-00180-CR (Tex. App. - Texarkana, January 5, 1995, no pets).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and discover that two prior convictions alleged as sequential felonies
under Tex. Penal Code § 12.42 (d) (Vernon 1993), were not in fact sequential. Applicant also
contends that his sentences were illegal because the maximum sentences allowed for these offenses
under Penal Code § 12.42 (a) were the sentences for second-degree felonies.

 The trial court has recommended that relief be granted. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Rich, 194
S.W.3d 508 (Tex. Crim. App. 2006). However, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall ascertain whether another prior offense was available, so that
the State properly could have corrected the sequential-felony allegation by alleging felonies that were
in fact sequential within the meaning of Section 12.42(d). The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on
court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make a finding of fact as to whether the State properly could have
corrected the sequential-felony allegation, to allege felonies that were in fact sequential within the
meaning of Tex. Penal Code § 12.42 (d). The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

 



Filed: May 21, 2008

Do not publish