Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

**MEMORANDUM OPINION**

No. 04-08-00884-CR

**IN RE** Eric Ricardo **TORRES**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   December 17, 2008

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On December 4, 2008, relator filed a petition for writ of mandamus asking this court to order respondent to consider and rule on a motion filed in the trial court on April 4, 2007. In the motion entitled "Motion for a Nunc Pro Tunc Order to Set Aside Illegal and Unauthorized Sentence," relator urges the trial court to set aside his 1993 judgment of conviction on the grounds that the sentence was "illegal and unauthorized" because his sentence exceeds the statutory maximum.

Although Torres phrases his request for relief as enforcing the performance of a ministerial duty, it is not an appropriate basis for mandamus relief, but rather for habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.01 (Vernon 2005) ("The writ of habeas corpus is the remedy to be used

---

[1] This proceeding arises out of Cause No. 3039, styled *State of Texas v. Eric Ricardo Torres,* filed in the 216th Judicial District Court, Kendall County, Texas, the Honorable Stephen B. Ables presiding.

when any person is restrained in his liberty."); *see also Ex Parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (holding that a claim of an illegal sentence is cognizable at any time on a post-conviction writ of habeas corpus). While the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2008) (habeas petition must be filed in trial court of conviction, but writ of habeas corpus is returnable to Court of Criminal Appeals); *see also Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *In re McAfee,* 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (only Court of Criminal Appeals has jurisdiction to issue writ of mandamus in criminal matter pertaining to habeas corpus). Because the relief sought in relator's mandamus petition relates to a final post-conviction felony proceeding, *i.e.*, setting aside an "illegal" sentence, we are without jurisdiction to consider his mandamus petition. *See In re Torres*, No. 04-08-00349-CR, 2008 WL 2355725, at *1 (Tex. App.—San Antonio June 11, 2008, orig. proceeding) (mem. op., not designated for publication). Accordingly, relator's petition for writ of mandamus is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

DO NOT PUBLISH