

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. AP-76,076 & AP-76,077

**EX PARTE JEREMY MARTIN AGUILAR, Applicant**

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W93-34937-I(A) AND W93-34769-I(A)
### IN THE CRIMINAL DISTRICT COURT NO. 2 OF DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two felony offenses of burglary of a vehicle and sentenced to 65 years' imprisonment in each case after he was found to be a habitual offender. The Sixth Court of Appeals affirmed his convictions. *Aguilar v. State,* Nos. 06-94-00179-CR and 06-94-00180-CR (Tex. App. – Texarkana, January 5, 1995, no pets.).

Applicant contends, *inter alia,* that two prior convictions alleged as sequential felonies under TEX. PENAL CODE § 12.42 (d) (Vernon 1993), were not in fact sequential. Applicant also contends that

his sentences were illegal because the maximum sentences allowed for these offenses under Penal Code § 12.42 (a) were sentences for second degree felonies.

The trial court has recommended that relief be granted, finding that the prior convictions used to establish that Applicant is a habitual offender were not actually sequential because they were both committed before he was convicted of either one. The trial court has also found that Applicant's only other prior conviction was for an offense committed before he committed the offenses underlying his other prior convictions, but which did not become final until after he committed those offenses because his probation after boot camp was not revoked until a month later.

Relief is granted. Punishment for these third degree felonies was assessed without any agreement, and was assessed in an amount which exceeded the maximum authorized by law. See *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2007). The judgments in Cause Numbers W93-34937-I and W93-34769-I from Criminal District Court No. 2 of Dallas County are hereby set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County so that new punishment proceedings may be conducted.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Filed: January 28, 2009
Do not publish