IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,521-02






EX PARTE EARNEST AUSTIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 05-266-A IN THE 130TH DISTRICT COURT


FROM MATAGORDA COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to seven years' imprisonment. He did not appeal his conviction. 

 Applicant alleges inter alia that counsel's advice to plead guilty was based on an inadequate
pre-trial investigation. Specifically, he alleges that if counsel had investigated further, counsel would
have discovered that the chemical analysis of the substance seized in the vehicle was never
performed and, thus, there was no evidence that Applicant committed this offense. Also, counsel
would have discovered that punishment for this state jail felony offense was improperly enhanced
to the third degree felony punishment range because Applicant's two prior state jail felonies were
not final felony convictions. Finally, Applicant alleges the seven-year sentence assessed was illegal
because the State failed to properly enhance punishment to the third degree felony punishment range. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Rich, 194 S.W.3d 508 (Tex. Crim. App. 2006). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d) to resolve the fact issues. 
In the appropriate case, the trial court may rely on its personal recollection. Id. The trial court shall
order trial counsel to file an affidavit addressing the following: (1) whether counsel performed a pre-trial investigation of the facts in the challenged cause; (2) whether counsel verified that the chemical
analysis of the substance seized in the vehicle was performed; and, (3) whether counsel verified that
the two prior state jail felony convictions used to enhance punishment in the challenged cause were
final felony convictions. The trial court shall instruct the clerk to forward copies of the plea papers
in the challenged cause, including the trial court's admonishments, and Applicant's judicial
confession. The trial court shall also instruct the clerk to forward copies of the judgments in the
prior state jail felony convictions which were used to enhance punishment in the challenged cause.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that counsel was ineffective. Specifically, the trial court shall make findings of fact as to
whether counsel performed a pre-trial investigation of the facts in the challenged cause. The trial
court shall also make findings of fact as to whether counsel verified that the chemical analysis of the
substance seized in the vehicle was performed. The trial court shall make findings of fact as to
whether counsel verified that the prior state jail felony convictions used to enhance punishment in
the challenged cause were final felony convictions. The trial court shall make findings of fact as to
whether punishment could validly be enhanced to the third degree felony punishment range in the
challenged cause. The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: January 13, 2010

Do not publish