NUMBER 13-08-00724-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PATRICK KNESEK, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 117th District Court 

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Benavides 


Memorandum Opinion by Justice Rodriguez



 Appellant Patrick Knesek challenges his conviction, pursuant to a guilty plea, for
engaging in organized criminal activity. See Tex. Penal Code Ann. § 71.02(a)(8) (Vernon
Supp. 2009). By one issue, which we reorganize and renumber as two, see Tex. R. App.
P. 47.1, Knesek argues that: (1) his guilty plea was involuntary; and (2) the punishment
imposed by the trial court was illegal. We affirm.

I. Background (1)

 Knesek was indicted four separate times for organized criminal activity in connection
with his involvement in an identity theft ring. The first three indictments--filed on May 15,
2008, June 12, 2008, and October 23, 2008--stated that "on or about December 5, 2007,"
Knesek "did then and there, with the intent to establish, maintain, or participate in a
combination or in the profits of a combination, . . . conspire to commit the offense of
Fraudulent Use of Identifying information . . . ." (2) See Tex. Penal Code Ann. § 32.51(b)-(c)
(Vernon Supp. 2009). (3) The final indictment, filed on November 13, 2008, included two
counts of engaging in organized criminal activity: count one alleged that Knesek conspired
to commit identity theft "on or about September 1, 2007 to December 5, 2007," see id.;
count two alleged that Knesek so conspired "on or about April 1, 2007 to August 31,
2007." (4) 

 On November 21, 2008, Knesek was arraigned on the November 13 two-count
indictment. On December 3, 2008, Knesek pleaded guilty to both counts pursuant to a
plea agreement with the State, in which the State agreed to recommend punishment
between five and ten years' imprisonment for each count; Knesek agreed to the
punishment recommendation. The trial court accepted the punishment range
recommended by the State, sentenced Knesek to ten years' confinement for each count,
and ordered the sentences to run concurrently. The trial court also certified Knesek's
limited right to appeal, allowing an appeal only of matters "raised by written motion filed
and ruled on before trial." (5) See Tex. R. App. P. 25.2(a)(2)(A); Tex. Code Crim. Proc. Ann.
art 44.02 (Vernon 2006). This appeal followed.

II. Involuntary Plea

 By one issue, Knesek argues that his guilty plea was involuntary. However, "we
have no power to review an appeal by a criminal defendant of issues associated with the
voluntariness of a felony plea entered pursuant to an agreed punishment recommendation
that the trial court followed." Escochea v. State, 139 S.W.3d 67, 75 (Tex. App.-Corpus
Christi 2004, no pet.) (citing Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001) (en
banc)). We are therefore without authority to review Knesek's voluntariness issue, and this
issue is overruled.

 III. Illegal Sentence 

 By a second issue, although he never clearly explains it as such, Knesek appears
to contend that the ten-year sentence imposed by the trial court for count two was illegal. (6) 
However, Knesek cites no authority supporting this argument and provides us with no
"clear and concise" argument for this apparent contention. See Tex. R. App. P. 38.1(i). 
Knesek has therefore waived this issue on appeal. See Cardenas v. State, 30 S.W.3d
384, 393 (Tex. Crim. App. 2000) (en banc) (concluding that an appellant waived
consideration of an issue on appeal by failing to include authority or argument). His
second issued is overruled.

IV. Conclusion

 The judgment of conviction is affirmed. (7) 


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Delivered and filed the 

11th day of March, 2010.
1. Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite
them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. See
Tex. R. App. P. 47.4. Moreover, the State filed no appellee's brief to assist us in the resolution of this case. 
Accordingly, we decide this appeal based on the brief filed by Knesek and the record before us.
2. The October 23, 2008 re-indictment added the phrase "commit" in addition to "conspire to commit."
3. This version of section 32.51 of the penal code reflects amendments that became effective
September 1, 2007, and applies to any offense in which all elements of the crime occurred after the effective
date. See Tex. Penal Code Ann. § 32.51 (Vernon Supp. 2009). The degrees of offense, and attendant
punishment levels, available under the amended statute range from state jail felony to first degree felony. See
id. § 32.51(c). 
4. An earlier version of section 32.51 applied to count two of the November 13, 2008 indictment
because the elements of that offense occurred prior to the effective date of the version amended in 2007. 
See Act of May 22, 2007, 80th Leg., R.S., ch. 631, § 1-3, sec. 32.51, 2007 Tex. Gen. Laws 1204. Under the
earlier version, the only degree of offense was a state jail felony. See id.
5. Prior to the final indictment, Knesek sought to enforce an alleged agreement between him and the
State by filing a motion entitled Proposed Stipulation of Offenses and Punishment with the trial court on
October 23, 2008. In that motion, Knesek urged that the State had agreed to recommend limiting the degree
of offense and punishment range in the case to a state jail felony because some elements of the crime
allegedly occurred prior to September 1, 2007, the effective date of certain amendments to the identity theft
statute that stiffened punishment for the crime. However, at the time of Knesek's motion, the indictment
reflected a date of offense of December 5, 2007, which triggered the amended version of section 32.51. See
Tex. Penal Code Ann. § 32.51 (Vernon Supp. 2009). The trial court denied the motion on November 12,
2008.
6. Knesek appears to be attempting to bring this appeal from his pre-trial motion that was denied by the
trial court. See Tex. R. App. P. 25.2(a)(2)(A); Tex. Code Crim. Proc. Ann. art 44.02 (Vernon 2006). However,
we need not address Knesek's argument in that context because an illegal sentence can be challenged at any
time. See Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (holding that a defect that renders a
sentence void may be raised at any time); see also Tex. R. App. P. 47.1.
7. We note that Knesek's avenues for relief are not completely foreclosed by our decision; meritorious
claims of involuntary pleas and illegal sentences may be raised by other procedures such as motions for
habeas corpus. See Ex parte Rich, 194 S.W.3d at 511; Cooper v. State, 45 S.W.3d 77, 82 (Tex. Crim. App.
2001) (en banc). "These procedures are not only adequate to resolve [such] claims . . . but they are superior
to appeal in that the claim may be supported by information from sources broader than the appellate record." 
Cooper, 45 S.W.3d at 82.