# NO. 12-10-00172-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *RICHARD RANDLE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Relator Richard James Randle requests a writ of mandamus directing the trial court to rule on the motion for reformation of sentence that he alleges he mailed to the trial court.

A trial court has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the court. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding). But that duty generally does not arise until the movant has brought the motion to the trial court's attention. *See id.* Mandamus will not lie unless the movant shows the trial court is aware of the motion but has failed or refused to rule within a reasonable time. *See id.* Moreover, a relator must furnish a record showing that he is entitled to the requested relief. *See* TEX. R. APP. P. 52.7(a)(1) (relator must file certified or sworn copy of every material document filed in any underlying proceeding).

Here, Relator has not filed a copy of his motion for reformation of sentence. Consequently, we cannot say that the motion has been received by the trial court or that the trial court has had a reasonable time to rule on the motion. *See **In re Chavez***, 62 S.W.3d at 228.

Accordingly, Relator's petition for writ of mandamus is ***denied***.[1]

---

[1] Relator contends that a defect which renders a sentence void may be raised at any time. The case he cites, ***Ex parte Rich***, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006), presents a fact situation similar to the one in the present

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

case.   There, the court of criminal appeals held that an illegal sentence claim similar to Relator's may be raised for the first time on an application for writ of habeas corpus.   *See id*. at 511.   The procedure for filing a postconviction habeas application to seek relief from a final felony conviction in a Texas court is found in article 11.07 of the Texas Code of Criminal Procedure.   The court of criminal appeals has exclusive authority to grant postconviction relief in a felony case.   *See **Ater v. Eighth Court of Appeals***, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).