NO.
12-10-00172-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

IN
RE:                                                                 '                 

 

RICHARD
RANDLE,                                        '                 ORIGINAL
PROCEEDING

 

RELATOR                                                          '                 

                                                        
                                         

                                                      MEMORANDUM
OPINION

PER CURIAM

            Relator
Richard James Randle requests a writ of mandamus directing the trial court to
rule on the motion for reformation of sentence that he alleges he mailed to the
trial court.

            A trial court has a reasonable
time to perform the ministerial duty of considering and ruling on a motion
properly filed and before the court.  In re Chavez, 62 S.W.3d
225, 228 (Tex. App.–Amarillo 2001, orig. proceeding).  But that duty generally
does not arise until the movant has brought the motion to the trial court’s
attention.  See id.   Mandamus will not lie unless the
movant shows the trial court is aware of the motion but has failed or refused
to rule within a reasonable time.  See id.  Moreover, a relator
must furnish a record showing that he is entitled to the requested relief.  See
Tex. R. App. P. 52.7(a)(1)
(relator must file certified or sworn copy of every material document filed in
any underlying proceeding).

            Here,
Relator has not filed a copy of his motion for reformation of sentence. 
Consequently, we cannot say that the motion has been received by the trial
court or that the trial court has had a reasonable time to rule on the motion. 
See In re Chavez, 62 S.W.3d at 228.

            Accordingly,
Relator’s petition for writ of mandamus is denied.[1]

 

Opinion delivered July 30, 2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1]
Relator contends that a defect which renders a sentence void may be raised at
any time.  The case he cites, Ex parte Rich, 194 S.W.3d 508, 513
(Tex. Crim. App. 2006), presents a fact situation similar to the one in the
present case.  There, the court of criminal appeals held that an illegal
sentence claim similar to Relator’s may be raised for the first time on an application
for writ of habeas corpus.  See id. at 511.  The
procedure for filing a postconviction habeas application to seek relief from a
final felony conviction in a Texas court is found in article 11.07 of the Texas
Code of Criminal Procedure.  The court of criminal appeals has exclusive
authority to grant postconviction relief in a felony case.  See Ater v.
Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991).