

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,558

**EX PARTE RICKY STEVE MOORE, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 15,536-A IN THE 115TH DISTRICT COURT
## FROM UPSHUR COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of delivery of less than one gram of cocaine in a drug-free zone, enhanced with two previous felony convictions, and was sentenced pursuant to a plea agreement to 25 years' imprisonment. *See* TEX. CONTROLLED SUBSTANCES ACT §§ 481.112(b), 481.134; TEX. PENAL CODE § 12.42(d). He did not appeal the conviction.

In his writ application, Applicant contends, *inter alia*, that his sentence is not authorized by law. He argues that the convictions used to enhance the punishment range of his offense under Penal Code Section 12.42(d) were not sequential because the second previous offense occurred before and not after the first previous conviction had become final. Indeed, for previous sentences to be considered sequential under this section, the State must show that "the defendant [had] previously been finally convicted of two felony offenses, and the second previous felony conviction [was] for an offense that occurred subsequent to the first previous conviction having become final." TEX. PENAL CODE § 12.42(d). The State candidly responds that the sequential enhancement was not proper and concedes error. The convicting court agrees and recommends that relief be granted in the form of a new punishment hearing.

After an independent review of the record provided to this Court, we agree with the trial court's recommendation. Relief on Applicant's illegal sentence claim is properly raised before this Court and should be granted. *See Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (recognizing that claims involving an illegal sentence, i.e., a sentence not authorized by law, may be raised on habeas corpus). However, in cases such as this where there was a plea agreement between the parties, "[T]he proper remedy is to allow Applicant to withdraw his plea and remand the case to the trial court, putting both parties back in their original positions before they entered into the plea bargain." *Id.* at 514-15. We hold, therefore, that in Cause Number 15,536, *The State of Texas v. Ricky Steve Moore*, in the

115th Judicial District Court of Upshur County, Applicant's conviction and sentence are both set aside, and the parties are returned to their respective positions before they entered into the plea bargain.

RELIEF GRANTED: Applicant shall be remanded to the custody of the Sheriff of Upshur County, Texas, to answer the indictment filed against him in Cause Number 15,536, *The State of Texas v. Ricky Steve Moore*, in the 115th Judicial District Court of Upshur County.

Delivered: May 25, 2011

Do Not Publish