IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. WR-75,224-03






EX PARTE LUKE REECE HOPKINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR20508 IN THE 35TH DISTRICT COURT


FROM BROWN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
evading arrest and sentenced to ten years' imprisonment. He did not appeal his conviction. 

 Applicant contends, inter alia, that his sentence is illegal because it is outside the
range of punishment authorized by the charge. He was charged with intentionally fleeing
from a person he knew was a peace officer who was attempting to lawfully arrest him. The
indictment listed one prior evading arrest conviction as an enhancement. Applicant pleaded
guilty to this offense and a charge of engaging in organized criminal activity. Applicant has
alleged facts that, if true, might entitle him to relief. Ex parte Rich, 194 S.W.3d 508 (Tex.
Crim. App. 2006); Tex. Pen. Code § 38.04(b)(1)(A) (West 2010). The habeas record
contains no documents from Applicant's guilty plea and no response from the State or the
trial court. 

 In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to
Applicant's claim that his sentence is illegal. Specifically, the trial court shall determine
whether there is any support in law or fact for applicant's sentence of ten years'
imprisonment in this cause. If the trial court determines that this sentence is within the
applicable range of punishment, it shall make specific findings and conclusions in support
of the finding. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 60 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
90 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 1, 2012

Do not publish