TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00016-CV






In re Charles W. Bishop II






ORIGINAL PROCEEDING FROM TRAVIS COUNTY





M E M O R A N D U M O P I N I O N 



 Relator Charles W. Bishop II was convicted of the offense of unauthorized use of a
motor vehicle, a state jail felony. See Tex. Penal Code Ann. § 31.07 (West 2011). Punishment was
assessed at fourteen years' imprisonment, within the punishment range for a second-degree felony,
after Bishop pleaded true to enhancement paragraphs alleging prior felony convictions. This Court
affirmed Bishop's conviction on appeal. See Bishop v. State, No. 03-08-00710-CR, 2010 Tex. App.
LEXIS 7056 (Tex. App.--Austin Aug. 26, 2010, pet. ref'd) (mem. op., not designated for
publication). Bishop has now filed a petition for writ of mandamus with this Court, claiming that
his sentence is illegal because the punishment assessed exceeds the punishment amount authorized
by law and asking this Court to order the convicting court to reverse his sentence. (1)

 A claim of an illegal sentence for a felony conviction is not an appropriate basis
for mandamus relief, but instead is a matter for habeas-corpus relief. See Tex. Code Crim. Proc.
Ann. arts. 11.01 (West 2005), 11.07 (West Supp. 2011); see also Ex parte Rich, 194 S.W.3d 508,
511 (Tex. Crim. App. 2006) (holding that claim of illegal sentence is cognizable on post-conviction
writ of habeas corpus). Jurisdiction to grant post-conviction habeas relief in felony cases rests
exclusively with the Texas Court of Criminal Appeals. See Tex. Code Crim. Proc. Ann. art. 11.07,
§ 3; Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District,
910 S.W.2d 481, 483 (Tex. Crim. App. 1995). We are therefore without jurisdiction to consider
Bishop's petition. See In re McAfee, 53 S.W.3d 715, 718 (Tex. App.--Houston [1st Dist.] 2001,
orig. proceeding). Accordingly, we dismiss the petition for want of jurisdiction. (2)



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed: February 8, 2012
1. This issue was not raised by Bishop's counsel on appeal.
2. We note that the court of criminal appeals has already considered Bishop's petition and,
upon recommendation of the trial court, granted relief. See Ex parte Bishop, No. AP-76,712, 2012
Tex. Crim. App. Unpub. LEXIS 20 (Tex. Crim. App. Jan. 11, 2012) (per curiam).