# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00016-CV

## In re Charles W. Bishop II

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Charles W. Bishop II was convicted of the offense of unauthorized use of a motor vehicle, a state jail felony. *See* Tex. Penal Code Ann. § 31.07 (West 2011). Punishment was assessed at fourteen years' imprisonment, within the punishment range for a second-degree felony, after Bishop pleaded true to enhancement paragraphs alleging prior felony convictions. This Court affirmed Bishop's conviction on appeal. *See Bishop v. State*, No. 03-08-00710-CR, 2010 Tex. App. LEXIS 7056 (Tex. App.—Austin Aug. 26, 2010, pet. ref'd) (mem. op., not designated for publication). Bishop has now filed a petition for writ of mandamus with this Court, claiming that his sentence is illegal because the punishment assessed exceeds the punishment amount authorized by law and asking this Court to order the convicting court to reverse his sentence.[1]

A claim of an illegal sentence for a felony conviction is not an appropriate basis for mandamus relief, but instead is a matter for habeas-corpus relief. *See* Tex. Code Crim. Proc. Ann. arts. 11.01 (West 2005), 11.07 (West Supp. 2011); *see also Ex parte Rich*, 194 S.W.3d 508,

---

[1] This issue was not raised by Bishop's counsel on appeal.

511 (Tex. Crim. App. 2006) (holding that claim of illegal sentence is cognizable on post-conviction writ of habeas corpus).  Jurisdiction to grant post-conviction habeas relief in felony cases rests exclusively with the Texas Court of Criminal Appeals.  *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3; *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).  We are therefore without jurisdiction to consider Bishop's petition.  *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).  Accordingly, we dismiss the petition for want of jurisdiction.[2]

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Filed:   February 8, 2012

---

[2] We note that the court of criminal appeals has already considered Bishop's petition and, upon recommendation of the trial court, granted relief.  *See Ex parte Bishop*, No. AP-76,712, 2012 Tex. Crim. App. Unpub. LEXIS 20 (Tex. Crim. App. Jan. 11, 2012) (per curiam).