# NO. 12-10-00245-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

§

*IN RE: JIMMIE JAMES HANES,* §   *ORIGINAL PROCEEDING*
*RELATOR*

§

---

## *MEMORANDUM OPINION*
## *PER CURIAM*

Relator Jimmie James Hanes complains that he was sentenced to a term of imprisonment that exceeds the statutory maximum. Therefore, he asserts that his sentence is illegal and requests a writ of mandamus directing the trial court to correct it.

The court of criminal appeals has exclusive authority to grant postconviction relief from a final felony conviction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). But an illegal sentence in a felony case may be raised for the first time in an application for writ of habeas corpus. *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006). Texas Code of Criminal Procedure article 11.07 prescribes the procedure for filing a postconviction habeas application to seek relief from a final felony conviction in a Texas court. *See* TEX. CODE CRIM. PROC. ANN. § 11.07 (Vernon 2005).

Because the court of criminal appeals has exclusive authority to grant postconviction relief from a final felony conviction, we are without jurisdiction to consider Relator's petition for writ of mandamus. Accordingly, his petition is ***dismissed for want of jurisdiction***.

Opinion delivered August 11, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)