Petition for Writ of
Mandamus Dismissed and Memorandum Opinion filed May 24, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00430-CR

____________

 

IN RE HOWARD EUGENE BRADEN, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

155th District Court

Austin County, Texas

Trial Court No. 5024

 

 

 



M E M O R
A N D U M   O P I N I O N

            On May 17, 2011, relator, Howard Eugene Braden, filed a
petition for writ of mandamus in this court.  See Tex. Gov’t Code
§22.221; see also Tex. R. App. P. 52.1.  In the petition, relator
complains that his life sentence for a rape conviction in 1974 is illegal and
void.[1]  

            This court’s mandamus jurisdiction is governed by section
22.221 of the Texas Government Code.  Section 22.221 expressly limits the
mandamus jurisdiction of the courts of appeals to:  (1) writs against a
district court judge or county court judge in the court of appeals’ district,
and (2) all writs necessary to enforce the court of appeals' jurisdiction. 
Tex. Gov’t Code § 22.221.  

The courts of appeals have limited mandamus jurisdiction over criminal
law matters.  Dickens v. Second Court of Appeals, 727 S.W.2d 542, 548
(Tex. Crim. App. 1987).  To be entitled to mandamus relief, a relator must show
that he has no adequate remedy at law to redress his alleged harm, and what he
seeks to compel is a ministerial act, not involving a discretionary or judicial
decision.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at
Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

            Relator’s request for relief is not an appropriate basis for
mandamus relief, but instead is a matter for habeas relief.  See
Tex.Code Crim. Proc. art. 11.01 (“The writ of habeas corpus is the remedy to be
used when any person is restrained in his liberty.”); see also Ex Parte Rich,
194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (holding that a claim of an illegal
sentence is cognizable at any time on a post-conviction writ of habeas corpus).
 Therefore, we lack jurisdiction over relator’s petition for writ of mandamus.

            Accordingly, the petition for writ of mandamus is ordered
dismissed.

 

                                                            PER
CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Seymore and Boyce.

Do Not
Publish — Tex. R. App. P. 47.2(b).









[1]  Relator has provided copies of the indictment,
verdict and judgment of conviction.  These documents reflect that relator was
indicted for, convicted of, and sentenced to life in prison for aggravated
rape, a first degree felony, as set out in the Penal Code in effect in 1974. 
The offense of aggravated rape applied to a rape that included the threat of
serious bodily injury or death, as in this case.