IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,558






EX PARTE RICKY STEVE MOORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15,536-A IN THE 115TH DISTRICT COURT


FROM UPSHUR COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
delivery of less than one gram of cocaine in a drug-free zone, enhanced with two previous
felony convictions, and was sentenced pursuant to a plea agreement to 25 years'
imprisonment. See Tex. Controlled Substances Act §§ 481.112(b), 481.134; Tex. Penal
Code § 12.42(d). He did not appeal the conviction.

 In his writ application, Applicant contends, inter alia, that his sentence is not
authorized by law. He argues that the convictions used to enhance the punishment range of
his offense under Penal Code Section 12.42(d) were not sequential because the second
previous offense occurred before and not after the first previous conviction had become final.
Indeed, for previous sentences to be considered sequential under this section, the State must
show that "the defendant [had] previously been finally convicted of two felony offenses, and
the second previous felony conviction [was] for an offense that occurred subsequent to the
first previous conviction having become final." Tex. Penal Code § 12.42(d). The State
candidly responds that the sequential enhancement was not proper and concedes error. The
convicting court agrees and recommends that relief be granted in the form of a new
punishment hearing.

 After an independent review of the record provided to this Court, we agree with the
trial court's recommendation. Relief on Applicant's illegal sentence claim is properly raised
before this Court and should be granted. See Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim.
App. 2006) (recognizing that claims involving an illegal sentence, i.e., a sentence not
authorized by law, may be raised on habeas corpus). However, in cases such as this where
there was a plea agreement between the parties, "[T]he proper remedy is to allow Applicant
to withdraw his plea and remand the case to the trial court, putting both parties back in their
original positions before they entered into the plea bargain." Id. at 514-15. We hold,
therefore, that in Cause Number 15,536, The State of Texas v. Ricky Steve Moore, in the
115th Judicial District Court of Upshur County, Applicant's conviction and sentence are both
set aside, and the parties are returned to their respective positions before they entered into the
plea bargain.

 RELIEF GRANTED: Applicant shall be remanded to the custody of the Sheriff of
Upshur County, Texas, to answer the indictment filed against him in Cause Number 15,536,
The State of Texas v. Ricky Steve Moore, in the 115th Judicial District Court of Upshur
County.


Delivered: May 25, 2011


Do Not Publish