IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. WR-77,224-01, WR-77,224-02, WR-77,224-03, WR-77,224-04, WR-77,224-05,
WR-77,224-06, WR-77,224-07, WR-77,224-08, WR-77,224-09, WR-77,224-10, WR-77,224-11, WR-77,224-12, WR-77,224-13, WR-77,224-14, WR-77,224-15, WR-77,224-16 & WR-77,224-17





EX PARTE JAMES TIMOTHY BONHAM, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 26697, 26698, 26748, 26760, 26761, 26803, 26804, 26805, 26806, 26807,
26808, 26809, 26810, 26811, 26812, 26840, & 26841 

IN THE 354TH DISTRICT COURT

FROM HUNT COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court these applications for writs of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of thirteen charges of forgery and four charges of fraudulent use or possession of
identifying information. Applicant was sentenced to twenty years' imprisonment for each
charge. He did not appeal his convictions. 

 Applicant contends that his sentences are illegal because the enhancements alleged
in the indictments did not authorize his twenty-year sentences. All seventeen indictments
charged state jail felony offenses. All of the indictments contained enhancement allegations
alleging two prior felonies with the same date of conviction in 2001 and two prior forgery
convictions, one from 2001 and another from 2008. Applicant has alleged facts that, if true,
might entitle him to relief. Ex Parte Rich, 194 S.W.3d 508 (Tex. Crim. App. 2006). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to
Applicant's claim that his sentence was illegal. The trial court shall make findings as to
whether Applicant's conviction in Hunt County cause number 24,285 from September 11,
2008, was for felony forgery. The trial court shall also make findings as to whether
Applicant's conviction from the 86th Judicial District Court of Kaufman County in cause
number 20,356 from April 17, 2001, was for felony forgery. If the Kaufman County forgery
case was a felony, the trial court shall make further findings as to whether it was for an
offense that occurred subsequent to either of Applicant's Van Zandt County convictions of
February 7, 2001, alleged as enhancements in the indictments for the instant cases. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law and any judgments supporting those
findings, shall be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: March 21, 2012

Do not publish