IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,689-01






EX PARTE RUBEN MAGANA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B-07-2141-0-CR-B IN THE 156TH DISTRICT COURT


FROM BEE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
driving while intoxicated with a passenger under the age of 15 and sentenced to five years'
imprisonment in each case, to run consecutive to two other cases. He did not appeal his convictions.

 Applicant contends that his sentences are illegal because they are outside of the appropriate
range of punishment, that his plea was involuntary, and that his trial counsel rendered ineffective
assistance because counsel allowed applicant to plead true to improper enhancement allegations. The
habeas record does not contain a response from the State or findings from the trial court. 

 Applicant was charged by information with two counts of driving while intoxicated with a
passenger under the age of 15, a state jail felony. Tex. Pen. Code § 49.045 (2007). The information
contained one enhancement paragraph, which alleged a prior manslaughter conviction from 2005.
The habeas record suggests that Applicant was serving a community supervision sentence for the
manslaughter conviction and that he was revoked and sentenced to prison time on the same day he
was sentenced in the instant cases. Applicant alleges he had no other prior, final convictions
available to enhance the sentences in these cases. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 668 (1984); Ex Parte Rich, 194 S.W.3d 508
(Tex. Crim. App. 2006). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall determine whether there is any support in
law or fact for applicant's sentence of five years' imprisonment in these causes. If the trial court
determines that these sentences are within the applicable range of punishment, it shall make specific
findings and conclusions in support of the finding. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: August 22, 2012

Do not publish