

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. WR-77,879-03

**EX PARTE JASON MARK HUTCHINS, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B09-157-1
### IN THE 198TH DISTRICT COURT FROM KERR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacturing methamphetamine, possessing chemicals to manufacture methamphetamine, and endangering a child. He was sentenced to concurrent terms of twenty years' incarceration for each offense in accordance with plea agreements that disposed of the cases together. There were no direct appeals.

Applicant alleges that his twenty-year sentence for child endangerment is unlawful. The trial court finds, with the State's agreement, that the sentence is not authorized by law because it is above the applicable punishment range. It recommends that Applicant be re-sentenced. *See Ex parte Rich*,

194 S.W.3d 508 (Tex. Crim. App. 2006). The trial court's finding that the sentence is not authorized by law is supported by the habeas record, and relief should be granted. Because the case was resolved by a plea agreement, the proper remedy is not to re-sentence Applicant but to withdraw his guilty plea and remand the case to the trial court, which returns the parties to their original positions before they entered into the plea agreement. *Id* at 515.

The judgment for the child endangerment conviction and sentence in Cause No. B09-157 in the 198th District Court of Kerr County is set aside, and Applicant is remanded to the custody of the Sheriff of Kerr County to answer the indictment. Applicant's convictions and sentences for manufacturing methamphetamine (Cause No. B09-155) and possessing chemicals to manufacture methamphetamine (Cause No. B09-156) remain unaffected. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Filed: June 25, 2014
Do not publish