

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00319-CR

MICHAEL OLIVER SMITH                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 52,047-B

----------

## MEMORANDUM OPINION[1]

----------

In two points, Appellant Michael Oliver Smith appeals his conviction and eighteen-year sentence for evading arrest or detention—repetition. We will affirm.[2]

---

[1]*See* Tex. R. App. P. 47.4.

[2]This appeal was originally submitted without oral argument on June 30, 2014. The court, on its own motion on January 15, 2015, ordered the appeal reset without oral argument on February 5, 2015, and assigned it to the current panel. The undersigned was assigned authorship on January 15, 2015.

At a hearing on November 27, 2012, Smith pleaded guilty to evading arrest or detention—a state-jail felony with a punishment range of six months to two years.  *See* Tex. Penal Code Ann. § 38.04(a), (b)(1) (West Supp. 2014).  Smith confirmed that he understood the range of punishment, and he signed a "Court's Admonishment to Defendant Prior to Accepting Defendant's Plea of Guilty or Nolo Contendere," a "Defendant's Waiver of Rights and Consent to Stipulation of Evidence," and a judicial confession.  The following exchange also occurred:

> The Court:  Has the State and the defendant discussed any sort of a plea bargain arrangement?
>
> [Defense Counsel]:  We have, Your Honor.
>
> [Prosecutor]: Judge, we have.  And at this time we have to be -- I need to be very clear in how we're going to proceed.  First of all, I would ask . . . the Court to take judicial notice of the contents of the Court's file.
>
> The Court:   The Court will so note.
>
> [Prosecutor]: On November the 16th, Your Honor, I filed a motion noting my intent to seek enhanced punishment in this case, given the defendant's criminal history to date.
>
> I would ask the Court to ask Mr. Smith how he would plead to the enhancement paragraphs at this time, alleging he is the same Michael Oliver Smith that was convicted on the 19th day of August, 2004 in the 89th District Court of Wichita County, Texas, in Cause Number 40,943-C?
>
> The Court:   Mr. Smith --
>
> [Defense Counsel]:  What was the charge?
>
> [Prosecutor]: That charge was unlawful possession of a firearm by a felon.
>
> The Court:   Is that allegation true or not true?

[Smith]:  True.

[Prosecutor]: Your Honor, I would also ask him if he's the same Michael Oliver Smith that on the 24th day of July, A.D., 1998, in the 78th District Court of Wichita County, Texas in . . . 31,818-B, he's the same Michael Oliver Smith who was convicted of aggravated assault.

The Court:  And Mr. Smith, I'm going to ask you again, is that allegation true or not true?

[Smith]:  True.

[Prosecutor]: Your Honor, those are the two enhancement paragraphs that I will seek to prove up in punishment if we were to reach that stage of the trial.

My . . . plea offer in this case is thus:  Right now I'm going to recommend that Mr. Smith be incarcerated in the state jail facility for a period of six months.  We respectfully are going to ask the Court to reset sentencing in this case till January the 2nd, 2013, for 8:30 in the morning here in the courtroom.

In the event that Mr. Smith does not appear or if he accrues another charge that I can prove to the satisfaction of the Court beyond a reasonable doubt between this time and the 2nd of January, 2013, if either of those things happen, my recommendation, based on his pleas of true to the enhancement paragraphs, would be increased to eighteen years in the Texas Department of Criminal Justice.

. . . .

[Prosecutor]:  I know that there have been difficulties between the defendant and his lawyer that [Defense Counsel] has put on the record on a couple of occasions.  I need Mr. Smith to understand with crystal clarity what this deal is, and that he is also in agreement with this situation.

The Court: Okay.  First, I would ask [Defense Counsel]; you've heard the plea bargain announced on the record.  Is that your understanding?

3

[Defense Counsel]: That is our understanding of the plea bargain.

The Court: And then Mr. Smith, the Court would ask you the same question: You've heard the plea bargain announced on the record; is that correct?

[Smith]: Yes, sir.

The Court: And did you understand the plea bargain as it was announced?

[Smith]: Yes, sir.

The Court: And is that your understanding of the agreement that you've reached with the State regarding the plea bargain?

[Smith]: Yes, sir.

The Court: Anything further?

[Prosecutor]: Just to be clear, if he shows up without accruing new charges on the 2nd of January, 2013, the State's recommendation at that time will be six months in the state jail facility, with credit for the time he's already served attached to this charge, which I think is close to nine weeks.

The Court: Nine weeks?

[Prosecutor]: Nine weeks, yes, sir.

The Court: Okay. Mr. Smith, the Court would like to admonish you on the record that the Court has a history, when we've done these split plea arrangements, where that if you do show up on time and you don't get a new charge, the Court honors the plea bargain that's announced. But it goes both ways; if you don't show up on time, and you do get some sort of a new charge, the Court would and will assess the punishment in accordance with the plea bargain that's been announced, which would be eighteen years.

[Smith]: (Indicating yes).

The Court: You understand that?

4

[Smith]:   Yes, sir.

At the conclusion of the hearing, the prosecutor said that he "was insistent that [Smith] go into custody today following his plea of guilty, but [Defense Counsel], through his negotiating, was able to secure a split plea situation to extend for these few weeks."

On July 15, 2013, the trial court conducted a sentencing hearing at which the State sought to prove that on December 20, 2012—after the plea deal above was entered but before the hearing scheduled for January 2, 2013—Smith committed the offense of possession of methamphetamine.  At the conclusion of the hearing, the trial court found "that there's sufficient evidence and cause to set the sentence in accordance with the plea bargain at 18 years."

Relying on *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006), Smith argues in his first point that once he pleaded true to the enhancement paragraphs, the trial court had no option but to find them true and to sentence him to a term of confinement within the range for a second-degree felony—two to twenty years.  Smith contends that his guilty plea was therefore involuntary because the trial court had no authority to sentence him to six months' confinement if, consistent with the terms of the plea agreement, he returned to court on January 2, 2013, and had not committed a new offense.

In *Rich*, Rich pleaded guilty to felony DWI and true to two enhancement paragraphs that alleged prior convictions for two felony offenses.  *Id.* at 510.  The trial court enhanced Rich's punishment under the habitual-offender provision of

5

penal code section 12.42(d) and imposed a sentence of twenty-five years' confinement. *Id.* Rich did not take a direct appeal. *Id.* As it turns out, one of the prior felony convictions used to enhance Rich's punishment had been reduced to a misdemeanor after a motion for new trial was granted. *Id.* Rich sought habeas relief, and the issue before the court of criminal appeals was whether he could "raise a claim of illegal sentence based on an improper enhancement for the first time on a writ of habeas corpus, or whether such claim is forfeited by: 1) [Rich's] failure to raise it on direct appeal; or 2) [Rich's] plea of true to such enhancements during the plea proceedings." *Id.* In discussing whether Rich had forfeited his complaint by pleading true to the enhancement paragraphs at the plea proceedings, the court acknowledged "the general rule that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction," but it also recognized an exception when the record affirmatively reflects that the enhancement is itself improper. *Id.* at 513. *Rich* is no authority for Smith's argument that the trial court was bound to sentence him to between two and twenty years' confinement once he pleaded true to the enhancement paragraphs.

*State v. Moore*, 240 S.W.3d 248 (Tex. Crim. App. 2007), on the other hand, is directly on point. That case concerned the validity of a plea-bargain

6

agreement that was similar to the one in this case.[3]  *Id.* at 249.  In concluding that

the plea agreement was enforceable, the court of criminal appeals reasoned in

part as follows:

> It is safe to conclude that plea agreements may contain a variety of stipulations and assurances, depending on the desires of the State and the defendant.  In *Mabry v. Johnson*, the United States Supreme Court noted that "plea agreements are consistent with the requirements of voluntariness and intelligence—because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange."  In fact, the terms of the plea agreement are left solely to "the parties who are dealing at arm's length.  This court will not interfere with those terms unless they appear to be manifestly unjust."
>
> . . . In *Ex parte Williams*, we held, "When a defendant agrees to the terms of a plea bargain agreement[,] he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise.  In effect, he becomes a party to a 'contract'."  Consistent with general contract principles, then, both the State and the defendant should be given great latitude in crafting plea agreements.

*Id.* at 250–51 (footnotes omitted).

---

[3]The agreement:

> . . . required that Moore plead guilty to the charge.  The State agreed to a six-week postponement of the sentencing so that the appellant could prepare for his term of incarceration.  The appellant promised to appear for his sentencing and to refrain from committing any criminal offense during his six-week reprieve.  On condition that the appellant abide by these terms, the State offered to recommend a punishment of twenty-five years.  Should the appellant fail to abide by these terms, however, the agreement expressly provided that the State would not recommend a punishment; it would become an open plea for the trial court to determine the sentence based on the full punishment range, up to life in prison.

*Moore*, 240 S.W.3d at 249.

Here, the State carefully set out the terms of the bargained-for plea agreement, and Smith indicated that he understood and agreed with them. At the subsequent hearing that occurred, the State proved that Smith had committed a new criminal offense after the prior hearing but before the hearing that was scheduled for January 2, 2013, and the trial court—consistent with its prior admonishment to Smith—sentenced him to eighteen years' confinement. Nothing in the record suggests that Smith involuntarily pleaded guilty; instead, the record demonstrates that he entered the plea as part of a knowing and voluntary agreement with the State. We overrule Smith's first point.

Smith argues in his second point that the trial court erred by failing to admonish him about the range of punishment for a second-degree felony. But the trial court's written admonishments, which Smith signed, properly advised him of the range of punishment for a second-degree felony. *See* Tex. Code Crim. Proc. Ann. art. 26.13(c) (West Supp. 2014) ("In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."); *Seagraves v. State*, 342 S.W.3d 176, 181–82 (Tex. App.—Texarkana 2011, no pet.). Smith contends that the written admonishments also explained the range of punishment for a third-degree felony and that there is nothing in the record to show that he knew whether that range of punishment or the range of punishment for a second-degree felony was applicable to him. But, as detailed above, Smith

8

and the State bargained for a plea agreement whereby he would be sentenced to eighteen years' confinement if he failed to show up on January 2, 2013, or he committed a new offense. Eighteen years' confinement is a legal sentence for a second-degree felony, not a third-degree felony. *See* Tex. Penal Code Ann. §§ 12.33(a), .34(a) (West 2011). The record demonstrates that Smith knew precisely what range of punishment was involved with his plea agreement. We overrule Smith's second point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 9, 2015

9