

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-83,334-01

### EX PARTE ROLAND HAYES SCHULTZ, III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15060-A IN THE 29TH DISTRICT COURT
### FROM PALO PINTO COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance, and was sentenced to fifteen years' imprisonment. He did not appeal his conviction.

Applicant contends that his fifteen-year sentence was unauthorized, because the prior felony convictions used to enhance his punishment from that of a state jail felony to that of a second degree felony were not in fact sequential. We remanded this application to the trial court for findings of fact

and conclusions of law, and for supplementation of the habeas record with relevant documents.

The habeas record has been supplemented with copies of the State's enhancement notice, and the judgments from Applicant's prior felony convictions. Those documents show that the first felony conviction alleged for enhancement purposes was not in fact a final conviction on the date that the second felony was committed. In addition, the supplemental record contains documents showing that at the time of his plea in this case, Applicant had only one other prior conviction, which was a state jail felony. The trial court has determined that Applicant did not have prior convictions which could have been used to enhance his punishment in this case beyond that of a state jail felony. Applicant is entitled to relief. *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006).

Relief is granted. The judgment in Cause No. 15060 in the 29th District Court of Palo Pinto County is set aside, and Applicant is remanded to the custody of the Sheriff of Palo Pinto County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: October 14, 2015
Do not publish