

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-55,249-02

**EX PARTE ERIC RAY PRICE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR07808-B IN THE 220TH DISTRICT COURT
### FROM HAMILTON COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault and sentenced to fifty years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Price v. State*, No. 10-13-00168-CR (Tex. App.—Waco Feb. 27, 2014) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance. *Strickland v. Washington*, 466 U.S. 668 (1984). He complains that counsel failed to investigate the prior convictions used to enhance the punishment range from that of a third-degree felony to that of a

habitual felon. The trial court finds that one of the prior convictions could not be used for enhancement purposes because it was not final. *Jordan v. State*, 256 S.W.3d 286, 290-91 (Tex. Crim. App. 2008).

The trial court has determined that trial counsel's performance was deficient and that such deficient performance prejudiced Applicant. According to the trial court, regarding deficient performance, "Trial counsel had a duty to research Texas enhancement law, investigate [Applicant's] cases, and prevent him from pleading 'true' to an enhancement allegation in which the conviction was not final." Regarding resulting harm, the trial court finds, "[Applicant] was sentenced to 50 years' confinement, which is 40 years more than the maximum allowed for a third degree felony. Even if [Applicant's] punishment were enhanced . . . by the other felony conviction, the maximum punishment would have been 20 years' confinement, thirty years less than the sentence [Applicant] received."

Relief is granted. The judgment in Cause No. CR-07808 in the 220th District Court of Hamilton County is set aside, and Applicant is remanded to the custody of the Sheriff of Hamilton so that the trial court may conduct a new punishment hearing. *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006). The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues. Applicant's remaining claims are denied.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 25, 2015
Do not publish