In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00112-CR
_____

BROCK ANTHONY CHAMBERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 15-21913

MEMORANDUM OPINION

In two issues on appeal, Brock Anthony Chambers[1] argues that the trial court's sentence exceeds the maximum punishment authorized by law. According to Chambers, the enhancement counts had no legal effect because the prior convictions were not sequential. The State filed a brief in which it concedes that

_____

[1] The clerk's record indicates that Brock Anthony Chambers is also known as Brock Chambers.

1

Chambers's sentence is void as a matter of law. We reverse the trial court's judgment and remand for a new punishment hearing.

BACKGROUND

In April 2015, a grand jury indicted Chambers for delivery of a controlled substance, a state jail felony. The indictment contained two enhancement paragraphs, which alleged as follows:

> AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that before the commission of the primary offense, the Defendant was finally convicted of the felony of Possession of a Controlled Substance and was finally convicted of such felony on November 13, 2007, in Cause No. 96378, in the 252nd Judicial District Court of Jefferson County, Texas,
>
> AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that before the commission of the primary offense, the Defendant was finally convicted of the felony of Possession of a Controlled Substance and was finally convicted of such felony on November 13, 2007, in Cause No. 07-01691, in the 252nd Judicial District Court of Jefferson County, Texas[.]

A jury found Chambers guilty of the offense of delivery of a controlled substance, a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.112(b) (West 2010). Chambers pleaded true to both enhancement allegations. *See* Tex. Penal Code Ann. § 12.425(b) (West Supp. 2016). The trial court assessed punishment at ten years in prison.

2

ANALYSIS

The jury found Chambers guilty of a state jail felony. A defendant found guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days and by a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35(a), (b) (West Supp. 2016). For a state jail felony to be punishable as a second degree felony, the State must show that the defendant has been previously convicted of two felonies, and they must be sequential. *See id.* § 12.425(b). Thus, the State must prove beyond a reasonable doubt that the defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final. *Jordan v. State*, 256 S.W.3d 286, 291 (Tex. Crim. App. 2008). If the State fails to show that the offenses were committed in the proper sequence, then the defendant's sentence may not be enhanced under the habitual offender statute. *Id.* We also note that when the record affirmatively reflects that the enhancement itself is improper, the conviction cannot be used to enhance punishment even when the defendant had pleaded true to the enhancement paragraphs. *Ex parte Rich*, 194 S.W.3d 508, 513-14 (Tex. Crim. App. 2006).

Because the two enhancement paragraphs in Chambers's indictment allege offenses that became final convictions on the same day and thus are not sequential,

3

Chambers's cause is only punishable as a state jail felony. *See Jordan*, 256 S.W.3d at 291. We conclude that Chambers's sentence may not be enhanced under the habitual offender statute and that his ten-year sentence exceeds the maximum penalty allowed for a state jail felony. *See id.*; *see also* Tex. Penal Code Ann. § 12.35(a). A sentence outside the prescribed range of punishment is void and illegal. *Musgrove v. State*, 425 S.W.3d 601, 615 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). When reversible error occurs in the punishment phase of trial, the appellant is entitled to a new punishment trial. Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2016); *see also Musgrove*, 425 S.W.3d at 615. We sustain Chambers's issues on appeal and reverse the trial court's judgment and remand the cause for a new punishment trial.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on December 29, 2016
Opinion Delivered January 11, 2017
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

4