

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,341-01

### EX PARTE CHRISTOPHER ADAM COKER, APPLICANT

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR30797-A IN THE 75TH DISTRICT COURT
### FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with the intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams and sentenced to thirty years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Coker v. State*, No. 09-15-00189-CR (Tex. App.—Beaumont March 29, 2017)(not designated for publication).

Applicant alleges that his thirty year sentence was unauthorized because the two prior offenses used to enhance his sentence to habitual felony punishment range in this case were state jail

felonies.

Applicant has alleged facts that, if true, might entitle him to relief. *See Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

The trial court shall determine whether both of Applicant's enhancements could be used as part of a habitual enhancement. The trial court shall also determine whether Applicant had any prior felony convictions that could have been used or substituted for enhancement purposes. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018

Do not publish