

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-95,831-01

### EX PARTE DANIEL LAVOID FOMAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1788156-A IN THE 486TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Under a plea agreement, Applicant pleaded guilty to theft of a firearm and was sentenced in accordance with the terms of the plea agreement to two years' imprisonment in the Texas Department of Criminal Justice. Through counsel, Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. Applicant claims his sentence is unauthorized by statute because theft of a firearm, with no punishment enhancement, is a state jail felony offense with a punishment range of 180 days to two years in the state jail, not TDCJ. On remand, the trial court adopted the State's proposed findings and recommended that this Court grant habeas relief. The record supports the findings.

A person guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than 180 days.  *See* TEX. PENAL CODE § 12.35 (a).  The person will face third-degree felony punishment and confinement in TDCJ if he has a prior final felony conviction listed in article 42A.054(a) of the Texas Code of Criminal Procedure or a prior final felony conviction in which the judgment included an affirmative deadly weapon finding.  *See* TEX. PENAL CODE § 12.35 (b).  A person may also face third-degree felony punishment for other reasons inapplicable to Applicant's prosecution.  Applicant has a prior conviction for robbery, but this offense is not listed in article 42A.054(a), and there was no affirmative deadly weapon finding.  There could be no punishment enhancement.

Relief is granted.  The judgment in cause number 178815601010 in the 486th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County for a new punishment hearing.[1]  The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: March 26, 2025
Do not publish

---

[1]  Applicant's case, which only concerns where he is to be confined, is distinguished from *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006). Applicant's guilty plea remains intact.