IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




No. WR-77,879-03






EX PARTE JASON MARK HUTCHINS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B09-157-1


IN THE 198TH DISTRICT COURT FROM KERR COUNTY





 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of manufacturing
methamphetamine, possessing chemicals to manufacture methamphetamine, and endangering a
child. He was sentenced to concurrent terms of twenty years' incarceration for each offense in
accordance with plea agreements that disposed of the cases together. There were no direct appeals.

 Applicant alleges that his twenty-year sentence for child endangerment is unlawful. The trial
court finds, with the State's agreement, that the sentence is not authorized by law because it is above
the applicable punishment range. It recommends that Applicant be re-sentenced. See Ex parte Rich,
194 S.W.3d 508 (Tex. Crim. App. 2006). The trial court's finding that the sentence is not authorized
by law is supported by the habeas record, and relief should be granted. Because the case was resolved
by a plea agreement, the proper remedy is not to re-sentence Applicant but to withdraw his guilty
plea and remand the case to the trial court, which returns the parties to their original positions before
they entered into the plea agreement. Id at 515.

 The judgment for the child endangerment conviction and sentence in Cause No. B09-157 in
the 198th District Court of Kerr County is set aside, and Applicant is remanded to the custody of the
Sheriff of Kerr County to answer the indictment. Applicant's convictions and sentences for
manufacturing methamphetamine (Cause No. B09-155) and possessing chemicals to manufacture
methamphetamine (Cause No. B09-156) remain unaffected. The trial court shall issue any necessary
bench warrant within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.

Filed: June 25, 2014

Do not publish