NO. 07-12-0106-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 20, 2012

———————————————————

MICHAEL ALLEN CASEL,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————————————————

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 62,659-E; HONORABLE DOUGLAS WOODBURN, PRESIDING

———————————————————

*Memorandum Opinion*

———————————————————

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Today we are being asked if the evidence was sufficient to prove the allegations contained in an enhancement paragraph. The latter was used to elevate the burglary charge (to which appellant pled guilty) from a felony of the second degree to one of the first degree. Because appellant, Michael Allen Casel, believed that the State failed to present sufficient evidence to prove the enhancement allegation, he could not be convicted of the higher felony. Furthermore, the State allegedly failed to carry its burden by omitting to tender evidence that the prior offense resulted in appellant (who

was a juvenile) being committed to the Texas Youth Commission. We overrule the issue and affirm.

In pleading guilty to the underlying offense (*i.e.* burglary of a habitation), appellant was informed by the trial court that the State was also attempting to enhance the offense via his prior conviction "of [the] felony offense of aggravated robbery in Cause Number 9236-J#1, County Court at Law Number 1, in Potter County, Texas, on January 14th of 2009." The court then asked appellant: "As to the allegation that you were *finally convicted* of that offense, how do you plead, true or untrue?" (Emphasis added). Appellant answered, "True." Thereafter, the trial court not only found "that the allegation as to the prior conviction [was] true" but also found the evidence sufficient to establish guilt for the underlying burglary beyond reasonable doubt and accepted the State's recommendation to defer appellant's adjudication of guilt.[1]

Generally, prior felony convictions may be used to enhance the punishment applicable to a subsequent offense. *See Miles v. State,* 357 S.W.3d 629, 634 (Tex. Crim. App. 2011). However, the prior conviction must be final. *Beal v. State,* 91 S.W.3d 794, 796 (Tex. Crim. App. 2002). Moreover, an adjudication by a juvenile court that a child engaged in delinquent conduct constituting a felony for which he was committed to the Texas Youth Commission is considered a "final felony conviction" for purposes of enhancement. TEX. PENAL CODE ANN. § 12.42(f) (West Supp. 2012). To the extent that appellant pled "true" to the trial court's question about his being "finally convicted" of aggravated assault in cause number 9236-J#1, appellant implicitly admitted to both of

---

[1]The dispute before us arose after the State moved to have appellant's guilt adjudicated. The trial court granted that motion, adjudicated appellant guilty of burglarizing a habitation, and sentenced him to 25 years in prison.

2

the elements for a final conviction as defined in § 12.42(f).  That is, if the prior juvenile adjudication was not a felony and if he had not been committed to the Texas Youth Commission then he could not have legitimately pled true to the matter being a final conviction.  *See Menson v. State*, No. 07-09-0221-CR, 2011 Tex. App. Lexis 1123, at *4 (Tex. App.–Amarillo February 16, 2011, pet. ref'd) (not designated for publication) (involving a prior offense committed when the offender was a juvenile and holding that the appellant's "plea of true to the enhancement paragraph is alone sufficient to show that he had a prior felony conviction").  And, nothing of record affirmatively shows either that appellant was not committed to the Youth Commission or that the enhancement allegation was otherwise untrue.  *See Ex parte Rich,* 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (stating that a plea of true alone is not sufficient to prove the enhancement allegation when the record affirmatively reflects that the enhancement is improper).

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.