

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00168-CR

**ERIC RAY PRICE, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court**
**Hamilton County, Texas**
**Trial Court No. CR-07808**

## MEMORANDUM OPINION

Eric Ray Price appeals from his conviction for the offense of assault by occlusion, which was enhanced by two prior felony convictions. TEX. PEN. CODE ANN. § 22.01(b)(2)(B) (West 2011). A jury found Price guilty of the offense and the trial court sentenced Price to fifty years in prison. Price complains that the evidence was insufficient for the jury to have found him guilty of assault, that the jury charge was erroneous, and that the evidence was insufficient to prove that one of his convictions

used for purposes of enhancement was final prior to the commission of the assault. Because we find no reversible error, we affirm the judgment of the trial court.

*Sufficiency of the Evidence*

In his first issue, Price complains that the evidence was insufficient for the jury to have found that he committed an assault on the victim, Teresa Young, because Young's testimony was inconsistent at the trial regarding whether or not Price was the person who assaulted her and because a witness provided an alibi for Price at the time the assault was committed. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting

inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Young, the victim, was abusing inhalants at the time of the offense. Young had a known history of drug use, including huffing paint. Shortly after the offense, Young told a nurse who was treating her at the emergency room, her personal physician, and law enforcement that Price had slapped her with enough force to knock her to the ground, grabbed her hair and would not let her go, slammed her head against the floor, grabbed her by the throat so that she could not breathe, pinched her cheeks and jaw, and slapped her in the jaw again before letting her go. Young sustained a fracture of her facial bones and seven stitches in her lip. Red marks and small scrapes were observed on her neck. Young was likely under the influence of paint at the time she was admitted into the hospital and spoke with law enforcement.

During Young's testimony at the trial, Young admitted to being "not in the right mind" at the time of the assault. In her testimony, Young vacillated on whether or not

she believed that Price was the individual who assaulted her. The nurse who treated her at the hospital and who wrote out Young's statement for her, Young's physician, and the investigating officer testified that Young told them that Price was the individual who assaulted her.

Although there was conflicting evidence regarding Young's recollection of the assault, the injuries observed on Young were consistent with Young's claims that she had been assaulted and choked. There was testimony that Young had named Price as her assailant shortly after the assault. By viewing the evidence in a light most favorable to the judgment, we find that the evidence was sufficient for the jury to have found that Price had assaulted Young, which included choking her to such a degree that red marks were left on her neck and hindered her ability to breathe. We overrule issue one.

### Jury Charge Error

Price complains that the trial court erred by failing to include instructions on "nature of the conduct" and "circumstances surrounding the conduct" when defining the culpable mental states for the offense of assault by occlusion. The charge to the jury contained instructions regarding the result of the conduct only.

This Court has previously held that assault by occlusion is a result of conduct offense only and the inclusion of the nature of conduct definitions is erroneous. *See Morgan v. State*, Nos. 10-10-00367-CR & 10-10-00371-CR, 2011 Tex. App. LEXIS 8133, at **10-11 (Tex. App.—Waco Oct. 12, 2011, no pet.) (mem. op., not designated for

publication). The failure of the trial court to include definitions on "nature of conduct" was not erroneous.

The application paragraph of the jury charge stated that the jury was required to find beyond a reasonable doubt that Price did:

> intentionally, knowingly, or recklessly cause bodily injury to Teresa Young, a person with whom Eric Ray Price had or had had a dating relationship, by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of Teresa Young by applying pressure to the throat or neck of Teresa Young.

The charge contained the definition of "dating relationship" as set forth in the Family Code. Price argues that the trial court should have included a definition that "[a] person acts 'knowingly' or with knowledge, with respect to circumstances surrounding his conduct when he is aware that the circumstances exist" which would relate to the jury's determination of whether or not Price and Young were in a dating relationship. We have found no authority to support Price's position relating to the offense of assault by occlusion, nor do we find that the statute imposes such a requirement. The statute does not require a finding that Price knew he was in a dating relationship with Young, and we decline to require such a finding. The failure to include a definition on the circumstances surrounding the conduct was not erroneous. We overrule issue two.

*Enhancement Paragraphs*

In his third issue, Price complains that the evidence was insufficient to prove that one of the enhancements to which Price pled true during the punishment phase of trial was final prior to his sentencing for this offense. The second enhancement alleged that Price was convicted of the offense of burglary of a habitation on March 2, 2011. The instant offense occurred on August 11, 2012.

The State has the burden of proof to show that any prior conviction used to enhance a sentence was final under the law and that the defendant was the person previously convicted of that offense. *Flowers v. State*, 220 S.W.3d 919, 922 (Tex. Crim. App. 2007). Generally, a defendant's plea of "true" to an enhancement allegation relieves the State of its burden of proving that allegation and the defendant cannot challenge the sufficiency of the evidence to support that allegation; however, an exception exists when "the record affirmatively reflects" that the enhancement is itself improper. *Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006). One such example is when the record shows that a prior conviction may or may not be final because it was appealed.

A prior conviction becomes final for enhancement purposes when the appellate court issues its mandate affirming the conviction. *See Fletcher v. State*, 214 S.W.3d 5, 6-7 (Tex. Crim. App. 2007); *Beal v. State*, 91 S.W.3d 794, 795 (Tex. Crim. App. 2002). In a concurring opinion in *Beal*, Judge Keller observed regarding the sufficiency of the proof

of prior convictions that "if the State's proof of the prior conviction shows on its face that the conviction was appealed, the State must put on evidence that [the] mandate has issued." *Id*. at 797 (Keller, J., concurring).

In this case, however, Price does not argue that the record "affirmatively reflects" that the second conviction was not final and therefore was improperly used for enhancement; rather he asks this Court to take judicial notice of the record in an appeal by Price of the second conviction that was heard by this Court to establish that the enhancement was improper. We decline to take judicial notice in this instance. *See Fletcher*, 214 S.W.3d at 9 (improper for court of appeals to take judicial notice of entry of mandate to aid State in meeting its burden of proof to prove finality when the record affirmatively shows underlying conviction had been appealed).

The State argues that because the record did not "affirmatively reflect" that the enhancement was improper that Price cannot challenge the sufficiency of the evidence. We agree with the State. Because the record does not "affirmatively reflect" that the enhancement was improper, we find that Price cannot challenge the sufficiency of the evidence regarding the enhancement to which he pled true. We overrule issue three.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed February 27, 2014
Do not publish
[CRPM]