

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-79,680-02

### EX PARTE JESSIE JEROME WHITE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 17671-B(1) IN THE 329TH DISTRICT COURT
### FROM WHARTON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest or detention with a motor vehicle and sentenced to twenty years' imprisonment. The Thirteenth Court of Appeals affirmed the conviction. *White v. State*, No. 13-12-00174-CR (Tex. App.—Corpus Christi Apr. 25, 2013) (not designated for publication).

Applicant, through habeas counsel, raises three claims of involuntary plea based on trial counsel's alleged ineffective assistance and one claim alleging that his sentence is illegal. *See*

*Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997); *Ex parte Rich*, 194 S.W.3d 508 (Tex. Crim. App. 2006). Trial counsel has not responded, and there are no findings of fact and conclusions of law from the trial court.

Applicant pled guilty to evading in a vehicle but not true to a deadly weapon allegation. The punishment range was enhanced from that of a state-jail felony to that of a second-degree felony. A jury found the deadly weapon allegation true, and the trial court assessed punishment at twenty years in prison.

In grounds one and three, Applicant complains that he was not informed of the correct punishment range. According to Applicant, trial counsel informed him that the punishment range was two to ten years, and the trial court never admonished him as to any punishment range, either orally or in writing. He indicates that he rejected the State's offer of two years and opted to plead guilty to the offense and not true to the deadly-weapon allegation. Applicant claims he would not have rejected the plea offer had he been properly admonished that the correct punishment range was two to twenty years. *See Lafler v. Cooper*, 132 S.Ct. 1376 (2012).

In ground two, Applicant complains that trial counsel misinformed him about the evidence. Applicant states that he asked counsel before trial to show him all the evidence against him, including video recordings. He says trial counsel showed him one video, but at trial, according to Applicant, the State played a video that he had not seen. According to the appellate opinion, at least two "dash-cam" videos were played for the jury. Applicant argues that, due to the nature of the unseen video, he would not have rejected the two-year plea offer had he viewed the video. *See Lafler*, *supra*.

In ground four, Applicant alleges that his twenty-year sentence is not lawful. Applicant

claims that he did not enter a plea as to the enhancement paragraphs contained in the indictment and that the trial court did not make any findings or oral pronouncements regarding the enhancement paragraphs. He asserts, therefore, that the judgment incorrectly notes a finding of true, and he argues that "without any findings regarding the enhancement paragraphs, the applicable punishment range for the offense in the instant case would have been two to ten years. Thus, Applicant's twenty year sentence was illegal without findings on the enhancement paragraphs." *See Coffey v. State*, 979 S.W.2d 326 (Tex. Crim. App. 1998).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, and if Applicant is no longer represented by habeas counsel, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant, and it shall make findings of fact and conclusions of law regarding Applicant's illegal sentence claim. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's

claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 18, 2015
Do not publish